MOORE, Judge,
concurring in the result.
When the legislature repealed the former Alabama Juvenile Justice Act (“the former AJJA”), former § 12-15-1 et seq., Ala.Code 1975, and replaced it with the current Alabama Juvenile Justice Act, § 12-15-101 et seq., Ala.Gode 1975, in 2008, it added a provision specifically requiring juvenile courts to order financially capable parents to pay child support for the benefit of dependent children placed in the legal' custody of the Department of Human Resources. See § 12 — 15—314(e), Ala.Code 1975, That provision bestows subject-matter jurisdiction on juvenile courts to make any child-support order consistent with Rule 32, Ala. R. Jud. Admin., which would include the modification of a previous child-support order. See Rule 32(A). In this case, the Tuscaloosa Juvenile Court found J.M.H., I.H., and A.H. (“the children”) dependent and placed them in the legal custody of the Tuscaloosa County Department of Human Resoürces. Consistent with § 12-15-314, the juvenile court thereafter had the power to modify the previous order of the Tuscaloosa Circuit Court that had relieved B.H., the mother of the children, from paying any child support on the premise that her parental rights would soon be terminated. Hence, the juvenile court did not act outside its jurisdiction in ordering the mother to pay child support for the benefit of her dependent children.
The mother relies solely on Ex parte M.D.C., 39 So.3d 1117 (Ala.2009), to argue that the juvenile court lacked subject-matter jurisdiction to modify the child-support order of the circuit court. That case, as well as A.S. v. W.T.J., 984 So.2d 1196, 1202 (Ala.Civ.App.2007), a case from this court cited in Ex parte M.D.C., involved termination-of-parental-rights proceedings arising under the former AJJA. Hence, this court had no occasion to consider the effect of § 12-15-314 when deciding Ex parte M.D.C. Accordingly, I conclude that Ex parte M.D.C. does not support the mother’s position. Therefore, I concur in the result.